FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 18, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN-MICHAEL RAY DURHAM,<br><br>    Plaintiff,<br><br>    v.<br><br>JUDGE THOMAS RICE, BOB FERGUSON, PETER K. KAY, MATTHEW DALEY, SERVICES ALTERNATIVE, FAMILY IMPACT NETWORK, DCYF CPS, BERNEY ELEMENTARY SCHOOL, and DEPARTMENT 5 SUPERIOR JUVENILE COURTS,<br><br>    Defendants. | No. 2:24-CV-00401-SAB<br><br>**ORDER DISMISSING ACTION; GRANTING LEAVE TO AMEND** |

    On November 27, 2024, Plaintiff filed the above-captioned lawsuit, ECF No.1, and also filed an Application to Proceed In Forma Pauperis, ECF No. 3. Plaintiff was given permission to proceed In Forma Pauperis on December 12, 2024. ECF No. 17. Plaintiff is representing himself in this matter.

    In his Complaint, Plaintiff maintains that Judge Thomas Rice and the United States government played primary roles in violation of Plaintiffs' rights, while Service Alternative, Family Impact Services, and the Washington State Attorney

**ORDER DISMISSING ACTION; GRANTING LEAVE TO AMEND** ~ 1

General's Office all contributed, either through their failures to intervene or their involvement in a flawed process that caused further harm to Plaintiffs and their children.[1] The rights identified are Plaintiff's right to due process and equal protection and right to familial association. Plaintiff is seeking $1,000,000,000 in damages and $500,000 in punitive damages.

Earlier this year, Plaintiff had filed three causes of actions that were subsequently dismissed by Judge Rice, *Durham v. Hopkins, et al.*, 2-24-CV-00299-TOR, ECF No. 20; *Durham v. Schmidt*, 2:24-CV-00325-TOR, ECF No. 13; and *Durham et al. v. Department of Children, Youth, and Families*, et al*.,* 2:24-CV-00340-TOR, ECF No. 28.

## 28 U.S.C. § 1915 Review

When an individual seeks to proceed in forma pauperis, the Court is required to review the complaint and dismiss such complaint, or portions of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *Wong v. Bell*, 642 F.2d 359, 361-2 (9th Cir. 1981). A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, a court takes the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). On the other hand, mere legal

---

[1] The Court imposes the rule of necessity and has determined there is no conflict with it continuing to hear this case. *See Ignacio v. Judges*, 453 F.3d 1160, 1165 (9th Cir. 2006).

**ORDER DISMISSING ACTION; GRANTING LEAVE TO AMEND** ~ 2

conclusions, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri*, 901 F.2d at 699.

**Legal Framework**

Section 1983 requires a claimant to prove that (1) a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632–33 (9th Cir. 1988). A person deprives another "of a constitutional right, within the meaning of Section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1439 (9th Cir. 1991) (en banc) (brackets in the original), *abrogated in part on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994).

A complaint must set forth the specific facts upon which the plaintiff relies in claiming the liability of each defendant. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Even a liberal interpretation of a civil rights complaint may not supply essential elements of a claim that the plaintiff failed to plead. *Id*. To establish liability pursuant to Section 1983, the plaintiff must set forth facts demonstrating how each defendant caused or personally participated in causing a deprivation of the plaintiff's protected rights. *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

It is well-established that judges are absolutely immune from civil liability for damages for their judicial acts. *See Mullis v. U.S. Bankr. Ct. for the Dist. Of Nev.*, 828 F.2d 1385, 1388-94 (9th Cir. 1987). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in

**ORDER DISMISSING ACTION; GRANTING LEAVE TO AMEND** ~ 3

excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (quotation omitted).

To state a claim for violation of the Due Process Clause of the Fourteenth Amendment, Plaintiff must allege 1) a protectible liberty or property interest, 2) government deprivation of that interest, and 3) a denial of adequate procedural protections. *Foss v. Nat'l Marine Fisheries Serv.*, 161 F.3d 584, 588 (9th Cir.1998).

To state a claim for violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that he was treated differently from other similarly situated persons. *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985).

The First Amendment protects "family relationships, that presuppose 'deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences, and beliefs but also distinctively personal aspects of one's life.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 685 (9th Cir. 2001).

Under the Eleventh Amendment, states and its agencies enjoy sovereign immunity from private suits for damages in federal court. *Dittman v. California*, 191 F3d 1020, 1025 (9th Cir. 1999).

## Analysis

Plaintiff's claims asserted against Judge Rice are barred by judicial immunity. Also, Plaintiff has not alleged sufficient facts to state a claim against the remaining Defendants for violations of his constitutional rights. First, it is unclear what claims Plaintiff is bringing against the various Defendants. Second, the Eleventh Amendment bars Plaintiff's claims asserted against the state agencies. Third, Plaintiff has not alleged how he has been treated differently from other similarly situated persons. Because Plaintiff has not alleged sufficient facts to state

**ORDER DISMISSING ACTION; GRANTING LEAVE TO AMEND** ~ 4

a claim upon which relief may be granted, the Court dismisses Plaintiff's Complaint.

## Opportunity to Amend

Unless it is absolutely clear that amendment would be futile, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2002). Therefore, Plaintiff is granted leave to file an Amended Complaint that contains allegations sufficient to establish federal jurisdiction. Plaintiff is cautioned that if he fails to file an Amended Complaint within 30 days as directed, the Court will dismiss the action and close the file.

## Pending Motions

Plaintiff has filed additional motions in this case. The Court will not consider any additional motions filed in this case and instead will deny them. If Plaintiff files an Amended Complaint, he may refile the motions, if needed.

## Motion for Electronic Case Filing Authorization

Plaintiff seeks permission to file electronically in ECF. Good cause exists to grant the motion.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Complaint, ECF No. 1, is **DISMISSED**, without prejudice.

2. Plaintiff is granted leave to file an Amended Complaint. Plaintiff is directed to file his Amended Complaint within thirty (30) days from the date of this Order. Failure to do so will result in the dismissal of this action.

3. Plaintiff's Motion for Continuance, Extension of Time, and Judicial Reassignment of Chief Justice Thomas O. Rice, ECF No. 4, is **DENIED**, as moot.

4. Plaintiff's Subpoena Request, ECF No. 10, is **DENIED**.

5. Plaintiff's Request to Conduct Electronic Reporting, ECF No. 11, is **DENIED**.

6. Plaintiff's Motion for Reconsideration, ECF No. 15, is **DENIED**.

**ORDER DISMISSING ACTION; GRANTING LEAVE TO AMEND** ~ 5

7. Plaintiff's Motion for Electronic Case Filing Authorization, ECF No. 5, is **GRANTED**.

    a. Plaintiff may contact the Clerk's Office at (509) 458-3400 if he wishes to schedule e-filing training.

    b. Plaintiff may file electronic documents in the above-captioned cause only.

    c. The Clerk's Office will terminate Plaintiff's ECF Registration should an attorney subsequently file a Notice of Appearance on Plaintiff's behalf.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to Plaintiff and counsel and set a case management deadline accordingly.

**DATED** this 18th day of December 2024.



    Stanley A. Bastian
    Chief United States District Judge

**ORDER DISMISSING ACTION; GRANTING LEAVE TO AMEND** ~ 6