FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 17, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN-MICHAEL RAY DURHAM,<br><br>    Plaintiff,<br><br>    v.<br><br>ASHLEY HOPKINS, KELSEY FORD, ANNA JAMESON, DR. ALISHA GRAHAM, CAITLYN KWAMINA, BETH WILLEY, SCOTT PHILLIPS, JUDGE JEREMY T. SCHMIDT, COMMISSIONER KEVIN D. STEWART, COMMISSIONER JULIA M. PELC, SAMANTHA GRAY, KATIE CHRISTOPHERSON, and JASON HAINES,<br><br>    Defendants. | No. 2:24-CV-00401-SAB<br><br>**ORDER DISMISSING THIRD AMENDED COMPLAINT; CLOSING FILE** |

    Before the Court is the Washington State Defendants' Motion to Dismiss 3rd Amended Complaint, ECF No. 51. Plaintiff is representing himself in this matter. The Washington State Defendants are represented by Jenna Robert.

    On December 18, 2024, the Court dismissed Plaintiff's Complaint without

**ORDER DISMISSING THIRD AMENDED COMPLAINT; CLOSING FILE** ~ 1

prejudice, and granted Plaintiff leave to file an Amended Complaint. Plaintiff filed an Amended Complaint on February 19, 2025, ECF No. 29. The Court granted Defendants' Motion to Dismiss, but granted Plaintiff leave to file another Amended Complaint. ECF No. 48. Plaintiff filed his Third Amended Complaint on April 14, 2025. The Washington State Defendants now move to dismiss the Third Amended Complaint with prejudice.

### Plaintiff's Third Amended Complaint

Plaintiff asserts the named government actors and certain agencies engaged in a continuous and unlawful pattern of defamatory, prejudicial and procedurally improper conduct designed to malign, discredit, and obstruct Plaintiff's rights as a parent. Plaintiff names various employees of Child Protective Services, as well as judges and court commissioners.

### Analysis

Plaintiff was previously instructed that he was required to alleged with specificity the dates on which the wrongful conduct of each Defendant allegedly took place, and the specific conduct or action that is alleged to be unconstitutional. He has failed to do so with his Third Amended Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (stating "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability and each defendant is only liable for their own conduct. *Iqbal*, 556 U.S. at 676. Plaintiff has failed to provide factual details beyond conclusory statements regarding how each named defendant violated his constitutional rights. This is not sufficient to withstand a motion to dismiss.

Moreover, a close reading of the Complaint makes clear that the dependency cases are still ongoing. As such, the Court lacks subject matter jurisdiction over

//

//

**ORDER DISMISSING THIRD AMENDED COMPLAINT; CLOSING FILE ~ 2**

this action under the *Younger Abstention*[1] and *Rooker Feldman*[2] doctrines. Additionally, the Court notes Plaintiff's Third Amended Complaint names individuals as defendants, who have been dismissed as well as naming individuals as defendants who are not employees of the State of Washington, both of which demonstrate bad faith.

The Court shares the State of Washington's concern that by Plaintiff continuing to file allegations against state employees and judicial officers related to his ongoing state dependency proceedings, he is seeking to inappropriately affect the proceedings and persecute the public employees who participate in those proceedings. The Court has provided Plaintiff two opportunities to cure the deficiencies in his pleadings. Because it appears that Plaintiff is asking the Court to interfere with ongoing state proceedings, any future amendments would be futile, and Defendants would be unduly prejudiced by allowing this litigation to continue, especially in light of the previous lawsuits Plaintiff has filed that have been dismissed.[3] *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003).

Accordingly, **IT IS HEREBY ORDERED**:

1. Washington State Defendants' Motion to Dismiss 3rd Amended

---

[1] *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund,* 754 F.3d 754, 758 (9th Cir. 2014).

[2] *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003).

[3] J*ohn-Michael Durham v. State of Washington, Department of Children, Youth, and Families, et al*., under cause number 2:24-cv-00340-TOR, ECF No. 28 (Dismissed Nov. 26, 2024); *Durham v. Hopkins*, et al., 2-24-CV-00299-TOR, ECF No. 20 (Dismissed Dec. 6, 2024); *Durham v. Schmidt*, 2:24-CV-00325-TOR, ECF No. 13 (Dismissed Nov. 29, 2024); and *Durham v. Commissioner's Chambers, et al.*, 2:24-CV-0368-TOR, ECF No. 8 (Dismissed Dec. 23, 2024).

**ORDER DISMISSING THIRD AMENDED COMPLAINT; CLOSING FILE ~ 3**

Complaint, ECF No. 51, is **GRANTED**.

2. Plaintiff's Amended Complaint, ECF No. 29, is **DISMISSED**, with prejudice.

3. Plaintiff's Motion to Compel Testimony and Production of Unredacted Documents Under Subpoena, ECF No. 59, is **DENIED**, as moot.

4. Plaintiff's Justification in Support of Subpoena Enforcement, ECF No. 56, is **STRICKEN**, as moot.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to Plaintiff and counsel, and **close** the file.

**DATED** this 17th day of June 2025.



Stan Bastian
Chief United States District Judge

**ORDER DISMISSING THIRD AMENDED COMPLAINT; CLOSING FILE ~ 4**